UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSALYN HULBURT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO:  8:04-CV-2238-T-30TGW
Crim. Case No: 8:03-CR-34-T-30TGW

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. #1) filed on October 8, 2004, Petitioner's Memorandum in support (CV Dkt. #2), and the Respondent's Response (Dkt. #5) thereto.  Upon review of the briefs and the underlying criminal proceedings, this Court determines that the motion to vacate should be denied.

### Background

Petitioner, Rosalyn Hulburt (hereinafter referred to as "Hulburt" or "Petitioner"), pled guilty to taking and carrying away, with intent to steal or purloin, money belonging to, and in the care, custody, control, management, and possession of a federally insured bank, in violation of 18 U.S.C. §2113(b).  Her guilty plea was supported by a written plea agreement (Dkt. #3 of the underlying criminal case, #8:03-cr-34-T-30TGW) which provides in pertinent part:

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

The defendant was the Regional Manager for Automated Teller Machine ("ATM") deposits for Bank of America, and, as such and from her office in Tampa, had access to monies deposited by Bank of America customers at ATMs. In or about July 2002, the defendant knowingly and willfully took and carried away $116,336.48 that had been deposited by Bank of America customers and that belonged to, or was in the care, custody, control, management or possession of Bank of America, with the intent to steal and purloin all of that money. Bank of America is a financial institution whose deposits were and are insured by the Federal Deposit Insurance Corporation.

. . .

5. Appeal of Sentence: Waiver

The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. §3742(a).

Petitioner was sentenced on October 22, 2003, and judgment was entered on October 24, 2003. Since Petitioner did not file a direct appeal, her judgment became final on November 7, 2003.

Petitioner has filed this §2255 proceeding requesting that her sentence be vacated on the following grounds:

**Ground One:**   Petitioner contends that she is serving a sentence that violates the clear dictates of Blakely v. Washington.

**Ground Two:**   Petitioner was denied the right to appeal the sentence portion of this adjudication by use of an unconstitutional plea agreement.

**Ground Three:**   The sentencing judge violated Petitioner's Sixth Amendment rights by unconstitutionally enhancing the level of her crime to facts outside the offense charged.

All three grounds will be addressed together because they all relate to a Blakely[1]/Booker[2] argument. While ground two appears to address a different issue (the constitutionality of the appeal waiver contained in her plea agreement), it is clear from the arguments in her memorandum in support of the motion that this ground deals with whether it is constitutional to foreclose Petitioner's right to directly appeal the Blakely/Booker issue. In support of these grounds, Petitioner argues:

> On June 24, 2004, the United States Supreme Court released Blakely v. Washington, (citation omitted), an opinion that has a drastic favorable impact on Petitioner's sentence. Petitioner contends the Blakely decision renders the sentencing guidelines unconstitutional.

---

[1] Blakely v. Washington, 542 U.S. 296 (2004).

[2] United States v. Booker, 543 U.S. 220 (2005).

. . .

> The Court, however, in <u>Blakely</u> held "our precedents make clear, however, that the statutory maximum for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

<u>Blakely</u> actually addressed the sentencing guidelines for the State of Washington. It does not apply to the federal guidelines. The same reasoning underlying <u>Blakely</u> was applied by the Supreme Court in <u>Booker</u> to hold that the federal sentencing guidelines would be unconstitutional if they were deemed mandatory. The Supreme Court struck certain provisions in the federal sentencing guidelines to make it clear that they would be advisory. It is the mandatory nature of sentencing guidelines that would make them unconstitutional if a sentencing court used facts not found by the jury or admitted by the defendant in fashioning a sentence. But the <u>Booker</u> decision is not retroactive to cases, like Petitioner's, that were final and on collateral review at the time of the decision. <u>Varela v. United States</u>, 400 F.3d 864 (11th Cir. 2005). Petitioner's sentence was final on November 7, 2003, more than a year before the <u>Booker</u> decision. Therefore, the <u>Blakely/Booker</u> argument provides no relief to Petitioner.

Even if the <u>Blakely/Booker</u> argument did apply to Petitioner, her arguments would still fail because (1) the sentence was based on facts admitted by her, and (2) the appeal waiver in her plea agreement bars her from raising this argument in a §2255 proceeding. Petitioner complains about the Court's finding the amount of loss to be $116,336.48 which was used to determine her base offense level, and that she held a position of trust which

increased her offense level by two points. In her plea agreement, Petitioner admitted that the amount of loss was $116,336.48 and that it was because of her position as regional manager that she had access to monies deposited by Bank of America customers at ATMs. There is no Blakely/Booker violation when the sentencing court uses facts admitted by a defendant in fashioning a sentence. United States v. Shelton, 400 F.3d 1325 (11th Cir. 2005).

Further, the Eleventh Circuit has held that an appeal waiver with language identical to that agreed to by Petitioner included a Blakely/Booker claim and that none of the listed exceptions to the waiver applied. United States v. Grinard-Henry, 399 F.3d 1294 (11th Cir. 2005) *cert. denied*, 544 U.S. 1041 (2005). Sentence-appeal waivers are valid if made knowingly and voluntarily. See United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993). The waiver will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997). An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error. United States v. Howle, 166 F.3d 1166 (11th Cir. 1999).

Here, Petitioner was specifically questioned about her appeal waiver during her guilty plea hearing and she acknowledged that she understood the waiver. (Pages 34-35, guilty plea hearing transcript attached as Exhibit "A" to Respondent's Response.) Specifically, the following exchange took place during Petitioner's guilty plea hearing:

>THE COURT:   I also want to emphasize Paragraph 5.  First, I will tell you that even though you are pleading guilty, you have a right to appeal your sentence.  But under Paragraph 5, you limit the extent to which you can appeal your sentence.
>
>Under Paragraph 5, you can only appeal if there's an upward departure by the sentencing judge, a sentence above the statutory maximum or a sentence that violates the law apart from the sentencing guidelines.
>
>In particular, what you cannot appeal, is the way the Court calculates the sentencing guidelines.  Do you understand that?
>
>THE DEFENDANT:   Yes.
>
>THE COURT:   And, furthermore, you can't come back to this Court at some later time and complain about the calculation either.  Do you understand that?
>
>THE DEFENDANT:   Yes.
>
>THE COURT:   Do you have any question about that provision?
>
>THE DEFENDANT:   No, I do not.
>
>THE COURT:   And are you agreeing to that provision freely and voluntarily as part of this plea agreement?
>
>THE DEFENDANT:   Yes, I am.

Hulburt was directly questioned about the appeal wavier and she acknowledged that she understood it.  It is, therefore, valid.  In her sentence-appeal waiver, Petitioner waived the right to appeal "directly or collaterally."  That type of appeal waiver includes both a direct appeal and a collateral attack in a §2255 proceeding.  Williams v. United States, 396 F.3d 1340 (11th Cir. 2005) Reh. and Rehg. en Banc denied, 143 Fed Appx. 311 (11th Cir. 2005), *cert. denied*, ____ U.S. ____, 126 S.Ct. 246 (2005), Reh. denied ____ U.S. ____, 126

S.Ct. 1125 (2006). Since Petitioner's appeal waiver includes Blakely/Booker grounds and applies to this §2255 proceeding, the grounds she has raised herein have been waived and must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is also directed to terminate any pending motions as to this defendant in the underlying criminal case #8:03-cr-34-T-30TGW.

**DONE** and **ORDERED** in Tampa, Florida on June 16, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2004\04-cv-2238.deny 2255.wpd